Ruffin, C. J.
 

 One of the objections taken on the trial seems to the court to be fatal to the plaintiff’s title; and it will therefore be sufficient to explain the grounds of our opinion upon that point, without adverting to the others.
 

 Before the act of 1792, 0. 2, lands were not liable to distress for public taxes, but they were collected by distress and sale of goods and chattels. Iredell’s Rev. 1782, c. 7, s.9. — ■ 1783, c. 10, s. 8. By the private act of 1779, c. 4, “ For the regulation of the Town ofNewbern,” which is sent upas part of the case, the town taxes were also to be collected by distress and sale of the delinquent’s goods and chattels. Such was the state of the law, as to the mode of collecting both the public and local taxes, before the 15th of November, 1792. In 1791, a private act was passed, which is also a part of the case, whereby the town taxes of November were made recoverable by warrant before a justice of the peace out of court, and execution.- And in the last section of the same act it is provided, “ that it shall be lawful for the commissioners of the town of Nevvbern, for the time being, to cause the taxes of the said town to be collected either in the manner herein before directed, or as the law directs for the collection of public taxes.” Under this authority the commissioners passed an ordinance in 1816, in these words: “ The Act of the General Assembly of the year 1791, requiring the commissioners to direct the manner, in which the payment of the town tax shall be enforced, it is ordained that the collector shall collect the tax, when in arrear, by distress and sale of the personal property of the delinquent, if any to be found; if none, then by distress and sale of the lots or parts of lots, upon which the tax is in arrear and unpaid: ' conforming, in either case, to the regulations of the Acts' of the General As
 
 *574
 
 sembl7, directing the manner of enforcing the payment of public taxes.”
 

 . It may be observed in the beginning, that the act of ’9 L uses the words, “as the law directs for the collection of public taxes;” which, speaking in the present time, may perhaps be confined to the law, as it
 
 then
 
 stood, for the collection ofthe taxes. If so, the commissioners exceeded the authority given to them by that Act, when, in 1816, they ordered the distress and sale of lots for taxes; since the Act, which authorized that, as to the public revenue, did not pass until the next year, namely, 1792, c. 2. Consequently, under that construction ofthe Act of 1791, the ordinance would be unauthorized and inoperative, as respects the sale of the lot; and the sale made by the sheriff must be held to be void. But if that be not the proper construction of that Statute, and, as we rather suppose the meaning be, that the commissioners, for the time being, may direct the taxes to be collected by warrant, or in the manner the law now directs or
 
 may
 
 direct; in that case, also, the plaintiff’s title fails. The words of the ordinance, “ conforming in either case” (that is to say, in the sale of personal or real property) “to the regulations of the Acts of the General Assembly, directing the manner of
 
 enforcing the
 
 payment of public taxes,” must receive a similar construction; so as to require the proceedings in a sale of a lot for the town tax to conform to the law, existing at the time ofthe sale, directing the manner of distraining and selling the same lot for a public tax. It is not, however, of any consequence to consider that point further, since the private Act of 1818, “to amend the laws, regulating the town of Newbern,” speaks a language on this subject, so distinct that it cannot be misunderstood. Instead of the taxes being collected by collectors, appointed by the commissioners, and in a mode to be designated by them, this Act makes it the duty of the sheriff of Craven county to collect them, and vests him “with the same power and authority to collect the said taxes by distress or otherwise, as
 
 by law
 
 sheriffs
 
 are
 
 or
 
 may
 
 be authorized to collect the public taxes.” By this Act, therefore, it is clear, that in each case of a distress and sale for a tax of this town, the sheriff is to observe the rules and regulations by
 
 *575
 
 the law, for the time being, established for a distress and sale for public taxes; except that the private act provides specially for the mode of giving notice of the sale.
 

 Now, whether we recur to the public law for collecting the revenue of the State, as it stood when the ordinance of 1816 passed, or in 1818, or at the time of the sale to the lessor of the plaintiff, such a sale as that made in this case is contrary to the law, and invalid. There can be no sale to a private person of an entire lot or other parcel of real estate for the taxes due on it. The Act of 1792, c. 2, s. 5, authorized a sale out and out, as upon an execution, and a conveyance by the sheriff. But that was altered by the subsequent act of 1798, c. 492, s. 1, which enacts that the sheriff shall set up the lands to be sold to the person, who will pay the taxes for the smallest part thereof; and he shall strike off the quantity so bid or offered to be taken for the amount of the public, poor and county taxes and charges, to the person offering to take the smallest quantity. This has continued to be the law from that day to this. Rev. St. c. 102, s. 55. The act then directs how and when the quantity purchased shall be laid off, its form, and other matters for completing the title. In a subsequent part of the act, s. 4, provision is made for a sale and conveyance to the Governor for the use of the State, if no person shall bid a smaller quantity than the whole. Upon the trial of this case it was contended for the' defendant, that this provision, and also those of the act of 1819, Rev. St.- c. 102, s. 60, 52 and 53, which direct the sheriff to make returns to the County Court of the land to be sold and of those sold, were, by force of the acts of 1791 and 1818, incorporated into the law for the sale of land for a town tax; and, consequently, that the sale, under which the plaintiff claims, is void. We rather suppose the contrary, inasmuch as those provisions relate, for peculiar reasons, to the public revenue, and seem inapplicable to such a sale as that under consideration. But admit those parts of the acts not to operate upon a sale for a town tax, nevertheless the first section of the act of 1798 must embrace it. The act provides for two cases; a purchase by a private person, and one in behalf of the State; and they are perfect
 
 *576
 
 ly distinct.
 
 Avery
 
 v.
 
 Rose,
 
 4 Dev. Rep. 558. Under no circumstances can the sheriff strike off the land to the Governor, but where no person shall bid a smaller quantity than the whole of the lands, and then he must strike off the whole to the Governor and not less. And under no circumstances, without exception, can he strike off the whole to any person but the Governor. A private person can only purchase by taking a less quantity than the whole. We can see no ground, upon which we can take the case of a sale for a town tax out of the operation of this provision, the words of which clearly include it. It may not be proper, and, we think, would not, to have struck off this lot to the Governor for the town tax, with which the Chief Magistrate of the State has no connexion. But it may well be, that the Legislature did not intend that the whole of any person’s freehold should be taken from him for any tax or taxes, public, county or town; and preferred rather the tax to be lost. At all events the law is positive, and must be obeyed. That being so, the sheriff exceeded his authority in selling and conveying the whole lot; and, upon the principle of
 
 Jones
 
 v.
 
 Gibson,
 
 No. Ca. T. R. 41, and
 
 Avery v. Rose,
 
 4 Dev. 549, the deed to the plaintiff’s lessor is void, inasmuch as it shows upon its face, that the sheriff exceeded his authority and that the purchaser must have known it.
 

 Per Curiam, Judgment affirmed.